

**COLLINS, VELLA & CASELLO, LLC**
2317 Highway 34, Suite 1A
Manasquan, NJ 08736
**Attorneys for Debtor**
Joseph M. Casello, Esq.
(732) 751-1766

**Order Filed on August 5, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

UNITED STATES BANKRUPTCY COURT
District of New Jersey

| | | |
|---|---|---|
| In re: | : | Chapter 13 Case No. 17-30531 |
| Constantine Koutsoupias, | : | Judge: Honorable Christine M. Gravelle, U.S.B.J. |
| Debtor | : | Hearing Date: August 5, 2020 at 9:00 a.m. |

**SECOND REVISED ORDER AUTHORIZING SALE OF REAL PROPERTY
PURSUANT TO 11 U.S.C. §363(b) & (f)**

**DATED: August 5, 2020**

*Christine M. Gravelle*
Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page 2
Debtor: Constantine Koutsoupias
Case No.: 17-30531
Caption of Order: Second Revised Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §363(b) & (f)

Upon consideration of the Motion of the Debtor for an Order Authorizing the Sale of Real Property Pursuant to 11 U.S.C. §363(b) & (f) and adequate notice of the proposed sale having been provided to all creditors and parties and interest and for good cause shown;

It is hereby **FOUND AND DETERMINED** THAT:

A.   This Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §157 and §1334 and this matter is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (N).

B.   The statutory predicates for the relief sought in the Sale Motion pursuant to the Bankruptcy Code and the Bankruptcy Rules have been satisfied.

C.   The Debtor is the owner of the real property located at 112 Darrow Street, South River, New Jersey ("Subject Property") to be transferred.

D.   On June 16, 2020, John Espinoza & Carissa Vale executed a contract with Constantine & Sofia Koutsoupias to purchase the Subject Property.

E.   The Subject Property was marketed by a broker prior to the signing of the contract and the Debtor maintains the sale is an arms-length transaction.

F.   A reasonable opportunity to object and be heard has been afforded to all creditors and parties in interest.

G.   Good and sufficient cause for the sale of the Subject Property has been articulated by the Debtor and relief sought in the motion is in the best interests of the Debtor and creditors of the estate.

Page 3
Debtor: Constantine Koutsoupias
Case No.: 17-30531
Caption of Order: Second Revised Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §363(b) & (f)

    H.    The purchaser is a good faith purchaser as that term is defined in the bankruptcy code and as such is entitled to all of the protections afforded by section 363(m) of the bankruptcy code.

    I.    The purchaser has offered fair market value and this offer represents the highest and best offer for the Subject Property. Any claims arising under Section 363(n) of the bankruptcy code are hereby released, waived and discharged.

**IT IS HEREBY ORDERED AS FOLLOWS:**

    1.    The finding of facts entered above and the conclusions of law stated herein shall constitute the Court's finding of facts and conclusions of law pursuant to bankruptcy rule 7052 made applicable to this proceeding pursuant to bankruptcy rule 9014. To the extent that any finding of facts shall later be determined to be a conclusion of law, it shall be so deemed, and to the extent that any conclusion shall be later to be determined to be a finding of fact, it shall be so deemed.

    2.    The sale motion is granted and approved in all respects.

    3.    The Debtor is hereby authorized and directed to execute and deliver and empowered to perform under and consummate and implement the sale including execution of any additional instruments and documents that purchaser reasonably deems necessary or appropriate to implement the sale, and to take all further actions as may be deemed reasonable necessary by the purchaser for the purpose of a signing, transferring, granting, conveying and conferring to the purchaser and to reduce to the possession of the purchaser of the Subject Property.

Page 4
Debtor: Constantine Koutsoupias
Case No.: 17-30531
Caption of Order: Second Revised Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §363(b) & (f)

---

4. The transfer of the Subject Property to the purchaser pursuant to the sale order constitutes a legal, valid and effective transfer of the Subject Property and shall vest the purchaser with all right, title and interest in the Subject Property free and clear of all liens, claims, interest and encumbrances of any kind or nature whatsoever.

5. Any and all persons or entities holding or asserting liens, claims or interest in to or against the acquired Subject Property or unto or against the Subject Property shall be forever barred from asserting such liens, claims or interests against the purchaser, its affiliates, successors and or assigns after the closing. Any liens, claims or encumbrances held by these parties shall become a lien against the sale proceeds which shall be distributed at the time of closing of title as follows:

    (a) The Debtor shall be authorized to pay any and all municipal charges and fees against the Subject Property necessary to consummate the closing including redeeming any tax sale certificates or other municipal liens.

    (b) The Debtor shall be further authorized to pay the mortgage held by U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2019-D, or its loan servicer Fay Servicing, LLC. The mortgage shall be paid in full pursuant to a payoff statement in accordance with state and federal law and generated through the date of tender. The proceeds of sale must be used to satisfy the liens in full. Until such satisfaction the real property shall not be free and clear of liens.

Page 5
Debtor: Constantine Koutsoupias
Case No.: 17-30531
Caption of Order: Second Revised Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §363(b) & (f)

(c) A copy of the closing disclosure shall be provided to the Standing Chapter 13 Trustee within 10 days of closing of title.

(d) One half of the net proceeds of sale shall be paid at the time of closing to Sofia Koutsoupias the co-owner of the property. To the extent that there are any other liens or judgments filed against Sofia Koutsoupias, those liens shall be satisfied from her 50% share of the net proceeds of sale after payment of the mortgage, the brokers commission and other municipal liens or charges that are paid as a part of the closing.

(e) The Debtor has claimed an exemption of $23,675 in the real property and that exemption shall be paid to the Debtor at the time of closing from the net proceeds of sale after payment of the mortgage, the brokers commission and other municipal liens or charges that are paid as a part of the closing.

(f) The Debtor shall be required to turnover to the Trustee all non-exempt proceeds of sale sufficient to pay off 100% of all allowed claims.

(g) With the consent of the Standing Chapter 13 Trustee, the Debtor may obtain a payoff letter from the Standing Chapter 13 Trustee prior to closing and shall pay to the Trustee at closing sufficient sums to pay 100% of all allowed claims. If the Trustee consents, then all net proceeds remaining, after payment of the mortgages, the costs of sale including municipal liens and brokers commissions, and payment to the Chapter 13 Standing Trustee shall be paid over to the Debtor.

Page 6
Debtor:  Constantine Koutsoupias
Case No.:  17-30531
Caption of Order:  Second Revised Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §363(b) & (f)

6. The Seller shall not be required to pay the realty transfer fee in connection with the closing as the sale is by a Chapter 13 debtor with the rights of a Trustee in bankruptcy pursuant to a final order of a court of record.

7. The consideration offered by the purchaser for the Subject Property is fair and reasonable and may not be avoided under bankruptcy code §363(n).

8. This Court retains sole jurisdiction over the sale, this Order and the transaction contemplated thereby.  Any disputes arising or relating thereto shall be resolved by this Court.